FILED

2019 Nov-27  AM 09:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ERICA LONG,<br>    an individual<br><br>    Plaintiff,<br>v.<br><br>AUDI OF AMERICA, INC.;<br>a foreign corporation<br><br>    Defendant. | )<br>)<br>)<br>)<br>) Case No.:<br>)<br>)<br>) DEMAND FOR JURY TRIAL<br>)<br>) |

## COMPLAINT

Plaintiff Erica Long brings this action against Defendant Audi of America, Inc., and in support thereof, offers the following:

## I. PARTIES

1. Plaintiff ERICA LONG is, and at all relevant times has been, an Alabama citizen. Her domicile, or residential address, is  .

2. Plaintiff is a "consumer", as defined by the Magnuson-Moss Act 15 U.S.C. §2301(3).

3. Plaintiff Erica Long is the owner of a 2016 Audi A7, bearing the vehicle identification number WAU2GAFC███████ (hereinafter "the vehicle"), which is, and was owned at all times relevant hereto by Erica Long.

4. Defendant Audi of America, Inc., (hereinafter "Audi"), is incorporated in New Jersey, and does business in all fifty states and the District of Columbia, with its principal place of business in Herndon, Virginia.

5. At all times relevant to this lawsuit, Audi issued the New Vehicle Limited Warranty made the subject of this complaint.

## II.   JURISDICTION

6. This is an action instituted for damages and equitable relief in relation to a motor vehicle purchased by the Plaintiff.

7. This is not a diversity action. Jurisdiction is proper under 28 U.S.C. §1331 and given to district courts for "all civil actions arising under the Constitution, laws, or treaties of the United States." Such federal question jurisdiction may arise from the initial pleading or from subsequent motions, pleadings or other papers where the federal question is first able to be ascertained. 42 U.S.C.A. 1446(b).

8. Federal question jurisdiction arises from Plaintiff's assertions for violations of the Magnuson-Moss Act 15 U.S.C. § 2301 *et seq*.

9. The Court has supplemental jurisdiction over state law claims invoked pursuant to 28 U.S.C. § 1367.

## III. VENUE

10. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial portion of the unlawful acts or omissions forming the basis of Plaintiff's claims were committed in the Northern District of Alabama.

11. A jury trial is demanded pursuant to the 7th Amendment of the Constitution of the United States, for all causes triable to a jury.

## IV.   FACTUAL AVERMENTS

12. On or about December 29, 2016 Erica Long traveled to the RBM of Alpharetta, an authorized Audi dealership and repair facility, sales lot location to investigate the purchase of an Audi A7 motor vehicle.

13. Prior to visiting RBM, Mrs. Long investigated Audi's factory vehicle limited warranty, which included a four-year or 50,000-mile coverage period that covers any repair or replacement to correct a defect in manufacturer's material and workmanship. Relying on the Audi's vehicle warranty advertising and Audi's experience and reputation in the automotive industry, Mrs. Long decided to purchase an Audi vehicle.

14. During Mrs. Long's visit to RBM's sales location, while inquiring into the vehicle, she was provided advertising, documents, and given assurances by Audi's authorized dealer, RBM, as to the reliability of the vehicle and the dependability of the Audi Vehicle Factory Warranty. In reliance on the vehicle's warranty representations, Mrs. Long signed the Sales Contract and purchased a 2016 Audi A7, bearing VIN WAU2GAFC███████. At the time of purchase the vehicle had approximately 15,268 miles.

15. In accordance with the Audi owner's manual supplied with the vehicle, Audi recommends changing the vehicle's oil every 10,000 miles, Mrs. Long delivered her vehicle, on or around July 28, 2017, to Jim Ellis Audi Atlanta, an authorized Audi repair facility for her Audi recommended maintenance services. While there Mrs. Long requested her vehicle's AudiCare 25K Maintenance be performed, which included an oil and filter change. The vehicle's mileage at the time of delivery was approximately 24,281.

16. On or around April 9, 2018, Mrs. Long, in accordance with her Audi owners-manual, delivered her vehicle to Audi of Birmingham, an authorized Audi repair facility and requested her vehicle's AudiCare 35K Maintenance be performed, which included an oil and filter change. The vehicle's mileage at the time of delivery was approximately 34,415.

17. On or around May 18, 2018, Mrs. Long delivered her vehicle back to Jim Ellis Audi Atlanta with complaints of a faulty air conditioning blower motor and vehicle shaking during braking. Jim Ellis Audi performed repairs as well as a complimentary Vehicle Service Inspection. During the service inspection, the vehicle's oil level received a check mark as "OK" indicating the engine oil level had been inspected and approved. The vehicles approximate mileage was 35,720.

18. On or around June 21, 2018 Mrs. Long delivered her vehicle back to Audi Birmingham with complaints that her airbag warning light was on, indicating the vehicle's airbag system was not working correctly. While repairing the airbag defect Audi Birmingham performed a complimentary vehicle inspection. Audi Birmingham did not inform Mrs. Long of any problems with her vehicle. The vehicles approximate mileage was 37,860.

19. On or around August 25, 2018, Mrs. Long delivered her vehicle to Audi Birmingham with complaints that her vehicle's rear camera was inoperative. Audi Birmingham repaired the camera and performed an Audi Complimentary Vehicle Inspection. No problems or defects with the vehicle were reported to Mrs. Long. The vehicles approximate mileage was 39,720.

20. On or around January 9, 2019, Mrs. Long's fiancé, Lamonz Cope was driving the vehicle to Audi of Birmingham, an authorized repair facility to have the

vehicle's 45K services performed. Mr. Cope picked up the vehicle from Mrs. Long's residence and proceeded to make the 10-mile trip to Audi Birmingham.

21. While in route to an Audi Birmingham, the vehicle began to vibrate. Within seconds the vibration subsided. A few miles later the vehicle's vibration returned and the electronic power control "EPC" message appeared on the dash. Immediately the vehicle lost power and the dash displayed a "shutdown for safety" message. Mr. Cope pulled the vehicle the side of the road.

22. Raymond Long, Mrs. Long's brother, had been following Mr. Cope to Audi Birmingham to give him a ride home after dropping off the vehicle. After Mr. Cope pulled the vehicle to the side of the road, both he and Mr. Long inspected the vehicle for any obvious problems. They could hear what they believed was a ticking noise coming from the engine, so they decided to stop the engine and check the engine's oil level. After pulling the dipstick, they discovered the Audi was not equipped with a dipstick to measure the oil level. The vehicle was equipped with a dummy dip-stick top to act as a cap to the oil dip-stick tube. With no way to check the engine oil, Mr. Cope called Mrs. Long, whom contacted Audi Birmingham and explained the situation. Audi Birmingham suggested they tow the vehicle to the dealership for inspection.

23. After the tow truck picked up the vehicle, Mr. Cope and Mr. Long to Audi of Birmingham. Upon arrival at the dealership, late Wednesday afternoon, Mr. Cope spoke with Allen Henderson, believed to be a service advisor at Audi Birmingham, and explained what had happened with the vehicle. Allen stated the repair facility was about to close, to leave the vehicle, and he would call Mrs. Long when the service center had inspected the vehicle.

24. On or around January 14, 2019, five days after the defect occurred, Mrs. Long contacted Allen at Audi Birmingham and requested an update on her vehicle's condition. Allen stated the vehicle required an engine replacement due to the engine being overfilled with oil. Mrs. Long explained to Allen that the vehicle had been serviced most recently by Audi Birmingham and they had inspected the vehicle less than four months prior. Mrs. Long informed Allen that she, Mr. Cope, nor anyone else had added any oil to the vehicle since the last oil change.

25. Mrs. Long contacted multiple Audi service centers, whom had previously inspected her vehicle and performed maintenance services, to inquire as to why her vehicle engine was damaged from oil overfilling. Multiple Audi senior service advisors stated that they had never seen an engine fail due to overfilled oil. Mrs. Long decided to seek a second opinion as to what was wrong with her vehicle.

26. Mrs. Long notified Audi Birmingham of her intentions to have a second opinion and further diagnostics performed on her vehicle. While speaking with an Audi Birmingham service writer, Mrs. Long requested a printout of the diagnostic findings with her vehicle. Audi Birmingham stated they did not yet have any information in the system. Audi Birmingham then pulled Mrs. Long's car back into the repair bay and connected diagnostic computers to the vehicle. When Mrs. Long questioned Audi Birmingham as to why her car was being inspected, they stated they were only documenting the problems with the car.

27. After Audi Birmingham released Mrs. Long's vehicle, she had the vehicle towed to Audi of Atlanta for a second opinion as to the engine defect. After the vehicle arrived at Audi of Atlanta's dealership, Mrs. Long explained to the service technician what had occurred with the vehicle. She requested their opinion as to whether the vehicle was over filled with oil and why the engine had been damaged. Audi of Atlanta's service center notified Mrs. Long Audi had flagged the vehicle as "warranty voided," and they could not inspect the vehicle under Audi's labor warranty. Mrs. Long was now responsible for any diagnostic charges. Mrs. Long had the vehicle towed back to her residence in Birmingham Alabama to seek an independent repair facility diagnosis.

28. As a result of the vehicle's defective condition the true value is far below its represented value.

29. Based upon its agents' and/or employees' specialized training, its agents' and/or employees' experience in the trade, its inspection of the vehicle, the vehicle's service history, Audi knew, or should have known, the vehicle's engine suffered from a defect in manufacture's material and/or workmanship and should have been timely repaired under the vehicle's warranty.

30. Mrs. Long has been, and will continue, to be financially damaged by the diminution in or elimination of the Vehicle's value due to the defective engine. Due to the suppression of the true facts by Audi and their intentional, reckless, wanton, and negligent failure to properly inspect and investigate the defective condition of the vehicle, Mrs. Long has and will continue to be damaged.

31. Audi's actions as outlined above and below were part of their regular and customary method of doing business.

32. Audi held managerial and/or supervisory control over all of their agents and all of the policies and procedures involved and/or at issue in this matter.

## V. CAUSES OF ACTION

33. As provided under Federal Rules of Civil Procedure 8(d)(2) Mrs. Long alleges that the circumstances and occurrences made the subject of this complaint require that she plead one or more of the following counts, or, in some cases, one or more of the individual claims thereof, in the alternative.

## COUNT ONE: VIOLATIONS OF THE

## MAGNUSON-MOSS ACT 15 U.S.C. § 2301 *et seq.*

34. Plaintiff hereby incorporates and adopts each of the above and foregoing allegations as if fully set forth herein.

35. The Vehicle is a consumer product, as defined in § 2301(1) of the Magnuson-Moss Warranty Act.

36. Defendant is a warrantor, as that term is defined in § 2301(5) of the Magnuson-Moss Warranty Act.

37. Plaintiff is a consumer, as that term is defined in § 2301(3) of the Magnuson-Moss Warranty Act.

38. Defendant's breaches of its written, expressed and/or implied warranties constitute a substantial impairment to the value of the vehicle and violate the Magnuson-Moss Warranty Act.

39. Defendant was provided adequate notice of the breach, and either could not or would not cure said breach, Defendant breached their written, expressed and/or implied warranties. The vehicle was also not fit for the intended use

and was not merchantable pursuant to the Code of Alabama (1975) §§ 7-2-313, 7-2-314 and 7-2-315.

40. Furthermore, the defects outlined herein constitute a substantial, if not total, impairment to the value of the vehicle. Defendant expressly and impliedly warranted that said vehicle and condition complied with all the express warranties offered. Said warranties are written and implied warranties, which go to the condition and performance of the vehicle over the remaining life of the vehicle. As such, Defendant warranted the condition of the vehicle sold to the Plaintiff.

41. Defendant breached said warranties and refused to honor the warranties provided.

42. As a proximate result, Plaintiff was caused to suffer loss of monies, incidental and consequential damages, as well as severe mental anguish and emotional distress.

43. WHEREFORE, Plaintiff demands judgment against Defendant in an amount the Court would deem appropriate to compensate for her loss of monies, incidental and consequential damages, mental anguish damages, plus expenses, costs, attorney's fees, and punitive damages pursuant to 15 U.S.C. § 2310(d).

## COUNT TWO: BREACH OF WARRANTY

44. Plaintiff hereby incorporates and adopts each of the above and foregoing allegations as if fully set forth herein.

45. Defendant breached the express warranties made to Plaintiff in that Plaintiff's vehicle was covered by the Audi New Vehicle Limited Warranty which covers any repair or replacement to correct a defect in manufacturer's material and workmanship at any authorized Audi dealer in the United States, including its territories, and will honor this warranty for a period of 4 years or 50,000 miles, whichever occurs first. Defendant's breach caused Plaintiff to incur expenses or suffer losses she would not have incurred if the Vehicle had been covered under the warranty and repaired in a reasonable amount of time.

46. The vehicle failed to be fit for the ordinary purposes for which it was intended. In fact, the vehicle was, and is, not merchantable.

47. By its conduct Defendant and their representatives breached their express warranties to Plaintiff thereby causing a substantial, if not total, impairment to the value of the vehicle. As a proximate result, Plaintiff was caused to suffer loss of monies, incidental and consequential damages, as well as severe mental anguish and emotional distress.

48. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays this honorable court will award damages in an amount deemed appropriate to compensate Plaintiff for her loss of monies, incidental and consequential damages, severe

mental anguish, and emotional distress, in an amount to be determined by the court, as well as attorney's fees and costs of this proceeding, and punitive damages to deter such conduct in the future.

## COUNT THREE: NEGLIGENCE, RECKLESSNESS, WANTONESS

49. Plaintiff hereby incorporates and adopts each of the above and foregoing allegations as if fully set forth herein.

50. Defendant owed Plaintiff a duty not to be wanton/negligent in its/their conduct both before and after the sale of the vehicle. Defendant owed Plaintiff a duty of care and professionalism in the rendition of services, in training and supervising its/their agents, and/or its employees to perform those services in full compliance with its warranties and the laws of the State of Alabama and the Federal government.

51. As described herein, Defendant singularly, and/or by and through its agents, employees, owner, member, manager, and/or officers, were negligent, wanton, and/or reckless in the following respects without limitation:

   a. Defendant failed to institute appropriate policies and procedures to comply with the applicable laws;

   b. Defendant failed to institute policies, train personnel, and supervise personnel regarding performance obligations related to warranties;

    c.  Defendant failed to properly train and/or supervise their personnel;

    d.  Defendant failed to institute policies, train personnel, and supervise personnel regarding proper inspections of vehicles;

    e.  Defendant failed to properly inspect the vehicle, detect defects therein, and/or report said defects to Plaintiff;

    f.  Defendant failed to hire competent and/or honest personnel, such as authorized repair facilities, mechanics, and salespeople;

    g.  Defendant failed to properly repair vehicles under the Audi New Vehicle warranty in a timely manner;

52. Plaintiff suffered actual damages proximately caused by Defendant's negligence, wantonness, and recklessness including but not limited to:

    a.  Alternate transportation costs;

    b.  Increased insurance costs;

    c.  Increased repair costs;

    d.  Loss of value;

    e.  Mental anguish;

    f.  As well as additional costs, plus attorney's fees.

53. Defendant's actions as hereinbefore described were negligent, reckless, outrageous, willful, and wanton, thereby justifying the imposition of treble, and/or punitive damages.

54. WHEREFORE, Plaintiff demands judgment against the Defendant in an amount the Court may determine to be fair, to compensate Plaintiff for her economic loss including incidental and consequential damages, together with all damages, with interest, costs, and punitive damages, attorney's fees and such equitable relief as the Court may find appropriate.

## VII.   PRAYER FOR RELIEF

Plaintiff Erica Long requests this Court enter an award of the following against Audi of America, Inc. as follows:

1. Award Plaintiff compensatory damages, and all statutory, exemplary damages and equitable relief permitted by law;

2. Awarding Plaintiff all costs of prosecuting this action, together with interest and reasonable attorneys' fees;

3. All other relief which this Court deems appropriate.

## VIII. JURY DEMAND

Plaintiff demands a trial by jury.

Date November 26, 2019.


Respectfully submitted,

Erica Nicole Long

By: *David A. Holcombe*

David A. Holcombe (ASB-7956K26I)
Michael E. Parrish (ASB-5747S69M)
Thomas C. Donald (ASB6795A47D)
*Attorneys for Plaintiff*

**OF COUNSEL**
**ALABAMA CAR LAWYERS LLC**
1707 29th Court South
Birmingham, AL 35209
Phone: 205-326-0026
dholcombe@alabamacarlaw.com
mparrish@alabamacarlaw.com
cdonald@alabamacarlaw.com

**PLAINTIFF'S ADDRESS:**

Erica Nicole Long

**DEFENDANT'S ADDRESSES:**

Audi of America Inc.,
2200 Ferdinand Porsche Dr.
Herndon VA 20171